# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MICHAEL G. ROBINSON and )
FREDRICK J. IVORY, )
                       )
        Plaintiffs, )
                       )
VS. )        No. 04-1126-T/An
                       )
WILLIAM F. HARKNESS, ET AL., )
                       )
        Defendants. )

---

## ORDER DENYING MOTION TO DISMISS
### AND
### EXTENDING TIME FOR SERVICE OF PROCESS

---

Plaintiffs Michael G. Robinson and Fredrick J. Ivory filed a complaint for personal injuries on April 19, 2004, in the Circuit Court of Madison County, Tennessee. The defendants named in the original complaint were William F. Harkness and Joseph E. Lane. Defendant Harkness removed the action to this Court on June 3, 2004, pursuant to 28 U.S.C. § 1441 *et seq.* on the basis of diversity of citizenship, 28 U.S.C. § 1332. Defendant Lane has filed a motion to dismiss for insufficiency of service of process, to which plaintiffs have filed a response.

The Madison County Circuit Court Clerk issued a summons for defendant Lane on the date the complaint was filed and plaintiffs' counsel, Kyle Crowe, sought to have the process served through the Secretary of State's Office pursuant to Tenn. R. Civ. P. 4B.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___04-04-05___

However, counsel failed to pay the appropriate fee for the Secretary of State, so the process was returned to Mr. Crowe by the Clerk. After the necessary fee was provided, the summons and complaint were delivered to the Secretary of State, who mailed them on May 27, 2004, via certified return-receipt mail, to defendant Lane at 664 Canal Road, Womelsdorf, PA 19567. The return receipt, signed by Mary B. Hoover, was received by the Secretary of State on June 7, 2004 and forwarded to the Circuit Court Clerk. An order substituting T. Verner Smith as plaintiffs' counsel was entered on November 16, 2004.

Defendant Lane has submitted his affidavit, in which he states that he has not received a copy of the summons and complaint in this action. (Lane Aff. ¶ 2.) He further states that he does not know Mary B. Hoover and that she does not reside with him, is not a member of his family, is not and has never been his employee, is not his agent for any purpose, and is not authorized to accept service on his behalf. Id. ¶¶ 3-9. Defendant Lane states that he has not lived at 664 Canal Rd., Womelsdorf, PA since August 2003. Id. ¶ 10.

Defendant asserts that the time provided for service of process in Fed. R. Civ. P. 4(m) has expired, but he has not yet been served with process. Therefore, he contends the complaint against him should be dismissed for insufficiency of service of process. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

2

As this case was removed from state court on June 7, 2004, the 120-day period for service of process of the original complaint expired several months ago. However, plaintiffs argue that their current counsel has been diligently attempting to locate defendant Lane since becoming involved in the case in August 2004,[1] but without success. In addition, plaintiffs point out that they filed a motion to amend their complaint on September 10, 2004, which was granted in an order entered January 19, 2005. The amended complaint, which added four defendants, was filed on January 21, 2005. Plaintiffs also indicate that counsel has now retained a private investigator to locate defendant Lane.

The Court finds that the action should not be dismissed as to defendant Lane, but that plaintiffs should be allowed an extension of time for service of process. Therefore, the motion to dismiss for insufficiency of service of process is DENIED. Plaintiffs are hereby granted ninety (90) days from the entry of this order in which to serve defendant Lane. Should further attempts at service prove unsuccessful, defendant may renew his motion to dismiss at that time.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

1 April 2005
DATE

---

[1] Although plaintiffs' current counsel may have taken over representation in August 2004, the order substituting counsel was not entered until November 16, 2004. Former counsel's motion to withdraw, filed in September, was denied for failure to comply with the Local Rules.

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in
case 1:04-CV-01126 was distributed by fax, mail, or direct printing on
April 4, 2005 to the parties listed.

---

Alyson Chensasky
PERMANENT GENERAL ASSURANCE CORP.
80 Monroe Ave.
Ste. 505
Memphis, TN 38103

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

T. Verner Smith
112 N. Liberty
Jackson, TN 38302

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072


Honorable James Todd
US DISTRICT COURT