IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL G. ROBINSON and )
FREDRICK J. IVORY, )
 )
    Plaintiffs, )
 )
VS. ) No. 04-1126-T/An
 )
WILLIAM F. HARKNESS, ET AL., )
 )
    Defendants. )

---

ORDER DENYING PLAINTIFFS' MOTION TO ALLOW
ADDITIONAL TIME FOR SERVICE OF PROCESS
AND
ORDER DISMISSING DEFENDANT LANE

---

Plaintiffs Michael G. Robinson and Fredrick J. Ivory filed a complaint for personal injuries on April 19, 2004, in the Circuit Court of Madison County, Tennessee, against defendants William F. Harkness and Joseph E. Lane. Defendant Harkness removed the action to this Court on June 3, 2004. Before the Court is plaintiffs' motion for additional time in which to serve defendant Lane, filed June 30, 2005. Defendant Harkness has responded to the motion.

On March 16, 2005, defendant Lane filed a motion to dismiss for insufficiency of service of process. Plaintiffs responded to the motion by asserting that they had been diligent in attempting to locate Lane, and had hired a private investigator to assist in that

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _07-15-05_

endeavor. Plaintiffs requested an extension of time to obtain service of process. On April 4, 2005, the Court entered an order denying the motion to dismiss and granting plaintiffs an additional 90 days in which to serve defendant Lane. That additional period has now expired.

> Federal Rule of Civil Procedure 4(m) provides:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, the Court <u>must</u> grant an extension of time if the plaintiff shows good cause for the failure to serve the defendant. However, the Court <u>may</u> grant an extension of time even if good cause is not shown. <u>See</u> Fed. R. Civ. P. 4(m) adv. committee note to 1993 amendment. While the rule does not specifically limit the number and length of any extensions that may be allowed, the fact that plaintiffs received a prior extension of time should be considered in determining whether the present request is to be granted.

The Court finds that the plaintiffs have failed to show good cause for a further extension of time to serve defendant Lane and that there is no justification for granting additional time in the absence of good cause. Plaintiffs' motion merely states that a private investigator was hired and that his efforts to locate defendant Lane have been unsuccessful. The plaintiffs have now had more than one year from the filing of this action in which to locate and serve defendant Lane. There is nothing to indicate that further efforts would be

any more productive.

Plaintiffs' motion to allow additional time for service of process is DENIED. This action is hereby DISMISSED without prejudice as to defendant Joseph E. Lane for failure to serve process, pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

14 July 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 1:04-CV-01126 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Katherine B. Steuer
LAW OFFICE OF KATHERINE B. STEUER
80 Monroe Ave.
Ste. 505
Memphis, TN 38103

T. Verner Smith
112 N. Liberty
Jackson, TN 38302

Honorable James Todd
US DISTRICT COURT