# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MICHAEL G. ROBINSON and )
FREDRICK J. IVORY, )
       )
       Plaintiffs, )
       )
VS. )            No. 04-1126-T/An
       )
WILLIAM F. HARKNESS; JOSEPH E. )
LANE; JOHN DOE; PERMANENT )
GENERAL ASSURANCE )
CORPORATION; JOHN WILLIAMS; )
RICHARD A. WILLIAMS, Individually )
and on behalf of LANE WILLIAMS, )
A Minor, )
       )
       Defendants. )

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

Plaintiffs Michael G. Robinson and Fredrick J. Ivory filed a complaint for personal

injuries in the Circuit Court of Madison County, Tennessee, against defendants William F.

Harkness and Joseph E. Lane.[1] The action arises out of an automobile accident that occurred

on April 19, 2003. Defendant Harkness removed the action to this Court on June 3, 2004

pursuant to 28 U.S.C. § 1404 *et seq.*, on the basis of diversity of citizenship. 28 U.S.C.

§ 1332. Harkness filed an answer to the complaint on June 15, 2004. In the answer,

---

[1] On July 14, 2005, the Court issued an order dismissing defendant Joseph E. Lane, pursuant to Fed. R. Civ. P. 4(m), for failure to obtain service of process.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on    08-09-05

51

Harkness alleged the comparative fault of John Williams, Richard A. Williams and Lane Williams.

On September 10, 2004, plaintiffs filed a motion to amend the complaint to add John Williams, Richard A. Williams and Lane Williams as defendants. The motion to amend was granted by the Magistrate Judge on January 18, 2005. John Williams, Richard A. Williams and Lane Williams have moved for summary judgment, asserting that the claims against them are barred by the applicable one-year statute of limitations, Tenn. Code Ann. § 28-3-104. Plaintiffs have responded to the motion.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed. R. Civ. P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 323.

Pursuant to Tenn. Code Ann. § 20-1-119:

(a)    In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer . . . that a person not a party to the suit caused or contributed to the injury or

2

damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first . . . answer alleging such person's fault, either:

(1)    Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2)    Institute a separate action against that person by filing a summons and complaint. . . .

(b)    A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. . . .

Plaintiffs contend that they complied with this statute by filing their motion to amend the complaint on September 10, 2004, which was within ninety days after Harkness' answer was filed on June 15, 2004. Therefore, it is argued that the claims against the Williams defendants are not barred by the one-year statute of limitations because the amended complaint relates back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c).

Plaintiffs' argument has some appeal, particularly where, as in this case, there was a substantial delay between the filing of the motion to amend and its granting by the Court. However, the Tennessee Court of Appeals has made it clear that under § 20-1-119, when an answer alleges the comparative fault of another person the plaintiff must accomplish two things within the ninety-day window: amend the complaint to add that person as a defendant and cause process to be issued for that person. Ward v. AMI SUB (SFH), Inc., 149 S.W.3d 35, 39 (Tenn. Ct. App.), *perm. app. denied* (Tenn. Sept. 7, 2004); see also Young v. Toys R Us, Inc., 987 F. Supp. 1035, 1036 (E.D. Tenn. 1996). Thus, the filing of plaintiffs'

motion to amend, in and of itself, did not toll the ninety-day period in this case.[2]

For these reasons, the Court finds that defendants John Williams, Richard A. Williams and Lane Williams are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is GRANTED.

IT IS SO ORDERED.

_James D. Todd_

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_8 August 2005_

DATE

---

[2] The Court notes that although the motion to amend was filed only three days before the expiration of the ninety-day period, it contained no references to § 20-1-119 and there was no communication by counsel of any urgency.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 51 in case 1:04-CV-01126 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Katherine B. Steuer
LAW OFFICE OF KATHERINE B. STEUER
80 Monroe Ave.
Ste. 505
Memphis, TN 38103

T. Verner Smith
112 N. Liberty
Jackson, TN 38302

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072

Honorable James Todd
US DISTRICT COURT